### Curtis FOSTER, Plaintiff,

v.

Stanley KUSPER, in his capacity as County Clerk of Cook County, Illinois State Board of Elections, Michael Hamblet, J. Phil Gilbert, Richard Cowens, Theresa Petrone, Norma Shapiro, Carolyn Eyre, Joshua Logan, John Lanigan, in their capacity as members of the Board, J. Robert Barr, in his capacity as Cook County Chairman of the Republican Party and Ronald Miller,[1] Defendants.

No. 84 C 2797.

United States District Court, N.D. Illinois, E.D.

April 18, 1984.

---

See also, D.C., 587 F.Supp. 1194.

Larry Saska and William C. Starke, Chicago, Ill., for plaintiff.

Vincent James Tenuto, Asst. Gen. Counsel, St. Bd. of Elections; Michael C. Moses, Asst. State's Atty., Richard M. Daley, Cook Co. State's Atty., Chicago, Ill., for defendants.

## PRELIMINARY INJUNCTION

SHADUR, District Judge.

This cause came on to be heard on the motion of plaintiff Curtis Foster ("Foster") for a preliminary injunction, shortly before the expiration of the temporary restraining order ("TRO") issued by this Court April 2, 1984. This Court has considered the Complaint, the affidavits submitted in support of and in opposition to the motion and oral evidence offered at the hearing. Based on the foregoing this Court makes the following Findings of Fact ("Findings") and Conclusions of Law ("Conclusions") as required by Rule 52(a):

### Findings of Fact

1. Stanley Kusper ("Kusper") is the County Clerk of Cook County and the person required under the Illinois Election Code (the "Code") to certify candidates who win elections in Cook County. Illinois' State Board of Elections ("Board") supervises elections in the State of Illinois and enforces the Code.

2. In the March 20, 1984 primary election three candidates were on the ballot seeking election as Republican ward committeeman for the 28th Ward of the City of Chicago (the "Ward Committeemanship"). Foster was not on the ballot, while defendant Ronald Miller ("Miller") was.

3. Board's official canvass of the election results of votes cast for the Ward Committeemanship reflected the following:

(a) Foster received 80 write-in votes, the highest number of votes received by anyone.

(b) Of the three candidates listed on the ballot, Miller received 36 votes, Richey A. Prince 22 votes and Marie Goodlaw 19 votes—a total of 77 votes.

4. Kusper certified Ronald Miller as the winner of the election for the Ward Committeemanship.

5. Foster filed his Complaint in this action April 2, 1984. At 12 noon the same day the Cook County Republican Convention was scheduled to meet. During that convention each duly elected ward committeeman was scheduled to be seated as such.

6. At 10:10 a.m. that same day Foster obtained a TRO from this Court by establishing (a) he had at least a reasonable likelihood of success on the merits of his constitutional claims, (b) if a TRO were not granted he would suffer irreparable injury and would have no adequate remedy at law, (c) defendants would not be injured by reason of the TRO by being delayed from taking action until the preliminary injunction hearing and (d) granting the TRO would not disserve the public interest.

7. Under the TRO:

(a) Defendants were ordered not to certify or to seat Miller as 28th Ward Republican ward committeeman until the hearing set by this Court.

(b) Miller was ordered not to act as such ward committeeman until the hearing.

(c) No security was ordered.

(d) Hearing was set for 9:45 a.m. April 11.

8. On April 11 a full hearing was held on the merits. Attorneys were present for Foster and for defendants State Board of Elections and the Chicago Board of Election Commissioners,[2] while Miller appeared pro se. At the hearing testimony was elicited from witnesses and the official results of the canvass (see Finding 3) were admitted into evidence.

*Conclusions of Law*

1. This Court has jurisdiction of the subject matter of this action.

2. Foster has raised serious and substantial issues of constitutional law as to both his own and Miller's candidacy, establishing more than a reasonable likelihood of success on the merits to require Miller not to be certified and seated, and to entitle Foster to be certified and seated, for the Committeemanship. *Illinois State Board of Elections v. Socialist Workers Party*, 440 U.S. 173, 184–87, 99 S.Ct. 983, 990–91, 59 L.Ed.2d 230 (1979).

3. As to the prospect of harm to Miller from his not being certified and seated, to the extent that involves matters of interpretation and application of the Illinois statutes, Illinois law provides the rules of decision this Court is required to follow. *Durham v. Barrett*, 15 Ill.App.3d 1011, 305 N.E.2d 201 (1st Dist.1973) held the County Clerk has the duty to certify as ward committeeman only the person on the ballot who has received the most votes for that office, and not the person on the ballot receiving the second highest total where the highest vote-getter has been disqualified for any reason.

4. Though the statute implicated in *Durham* is not involved in this action, the fifth paragraph of Ill.Rev.Stat. ch. 46, ¶ 7–59 clearly has the same meaning as the *Durham* statute. Accordingly under *Durham* Miller cannot in any event be certified or seated for the Committeemanship, irrespective of the outcome of this action as to Foster's rights to that office.

5. Foster has established the following prerequisites to issuance of this preliminary injunction, pending this Court's decision as to issuance of a preliminary or permanent injunction as to Foster's own right to the Committeemanship:

(a) There is a substantial likelihood of success on the merits of Foster's federal constitutional claim (wholly apart from any rights based on a claim under Illinois

**2.** See n. 1.

law) that Miller is not entitled to be certified and seated for the Committeemanship.

(b) Without this preliminary injunction, Foster (in his capacity as a 28th Ward Republican voter) and other persons who voted for Foster, accounting for a majority of the votes cast for the Committeemanship, would suffer irreparable harm to their constitutional right to freedom of association and their corollary right to vote. They would have no adequate remedy at law.

(c) If this preliminary injunction is granted, no harm will be occasioned to any defendant other than Miller. As for Miller, the harm to Foster and other voters referred to in Conclusion 5(b) if this preliminary injunction is not granted far outweighs (especially in light of Conclusion 4) any potential harm to Miller from its being granted.

(d) For the reasons stated in Conclusions 3, 4 and 5(b), granting this preliminary injunction cannot disserve the public interest.

6. Because of the substantial likelihood of success on the merits of the federal constitutional claim referred to in Conclusion 5(a) and the absence of any damages that would be incurred by Miller or any other party that might be found to have been unlawfully enjoined or restrained, no security is required under Rule 65(c) or 65.1.

     *    *    *    *    ⊦    *

It is therefore ordered, adjudged and decreed that until further order of this Court:

1. Defendants shall not certify or seat Ronald Miller as 28th Ward Republican Ward Committeeman.

2. Ronald Miller shall not act as 28th Ward Republican Ward Committeeman in any way.

3. This preliminary injunction is granted without bond or other security being given by plaintiff Curtis Foster, by reason of this Court's determination in Conclusion 6.